1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF WASHINGTON
9                                       AT SEATTLE

10    LYDIA LEE EGGER,                              CASE NO. C11-382MJP

11                        Plaintiff,                ORDER ADOPTING REPORT AND
                                                    RECOMMENDATION AND
12            v.                                    REMANDING FOR FURTHER
                                                    ADMINISTRATIVE PROCEEDINGS
13    MICHAEL J. ASTRUE, Commissioner of
      the Social Security Administration,
14
                          Defendant.
15

16

17            This matter comes before the Court on the Commissioner of Social Security's Objections

      (Dkt. No. 33) to Magistrate Judge Theiler's Report and Recommendation (Dkt. No. 32)
18
      recommending that this matter be reversed and remanded for further administrative proceedings.
19
      Having reviewed the Report and Recommendation, the Objections, Plaintiff's response to the
20
      Objections (Dkt. No. 34), the Sealed Administrative Record ("AR") (Dkt. No. 22), and the
21
      remaining record, the Court ADOPTS the Report and Recommendation, and orders that the
22
      matter be REVERSED and REMANDED for further proceedings.
23

24

1                                              **Background**

2        Plaintiff Lydia Lee Egger, 59, was denied disability benefits for her sleep apnea,

3 dyssomnia related to depression, and generalized anxiety. (Dkt. No. 32 at 2.) Magistrate Judge

4 Theiler examined the administrative record and concluded that the administrative law judge

5 ("ALJ") erred by dismissing the opinions of Egger's treating providers without sufficient

6 explanation. (Id. at 6-7.)

7        Magistrate Judge Theiler's conclusion centered on the ALJ's failure to "acknowledge the

8 treating status of these providers." (Id. at 7, citing AR at 16.) The Report and Recommendation

9 also questioned the ALJ's explanation that she dismissed the opinions of Plaintiff's providers

10 because their opinions were "based 'solely on the [plaintiff]'s subjective complaints.'" (Dkt. No.

11 32 at 7, citing AR at 16.) While Magistrate Judge Theiler's recommendation focused on the

12 ALJ's analysis of medical opinion evidence, she also recommended remand of the ALJ's adverse

13 credibility determination, because "credibility determinations are inescapably linked to

14 conclusions regarding medical evidence." (Dkt. No. 32 at 8, citing 20 C.F.R. § 404.1529.)

15 Magistrate Judge Theiler also stated that reconsideration of Plaintiff's medical opinion evidence

16 will necessitate a new residual functional capacity analysis, followed by a new step five

17 assessment. (Id. at 9.)

18        The Commissioner makes four specific objections to Magistrate Judge Theiler's

19 characterization of the law and the facts. First, the Commissioner argues that Magistrate Judge

20 Theiler is improperly requiring the ALJ to recite "magic words" by requiring the ALJ to name

21 specific providers and explain which opinions are being rejected. (Dkt. No. 33 at 4.) Second, the

22 Commissioner asserts that Magistrate Judge Theiler incorrectly required the ALJ to

23 "acknowledge the treating status" of these providers before rejecting their opinions. (Id.) Third,

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS- 2

1  the Commissioner asserts that the ALJ's decision to discount medical opinions because they

2  were based "solely on the Plaintiff's subjective complaints" was valid. (<u>Id.</u> at 5.) Finally, the

3  Commissioner argues that Magistrate Judge Theiler improperly required the ALJ to discuss the

4  factors enumerated in 20 C.F.R. § 416.927 (e.g., length of treating relationship, specialization)

5  before rejecting the opinion of a medical provider. (Dkt. No. 33 at 5-6.)

6  **Discussion**

7      The Commissioner's objections mischaracterize Magistrate Judge Theiler's Report and

8  Recommendation by recasting her illustrative examples of what might have constituted sufficient

9  explanation as a list of strict requirements. A review of the record reveals that the ALJ rejected

10  significant probative evidence—namely, the opinions of three doctors and two social workers—

11  without sufficient explanation. Therefore, the Court adopts the Report and Recommendation and

12  remands the matter for further administrative proceedings.

13      I.   <u>Magic Words</u>

14      The Commissioner's first objection, that Magistrate Judge Theiler improperly required

15  the ALJ to recite "magic words" before dismissing the opinions of five medical providers, is

16  simply incorrect. Magistrate Judge Theiler's analysis centered on the ALJ's failure to give

17  "legally sufficient reasons for the weight assigned" to the opinions of five specific medical

18  providers: John M. Horton, M.D.; Luci Carstens, Ph.D.; Robert Parker, Ph.D.; Elizabeth

19  Motlong, Lic.S.W.; and Rhyannon O'Heron, BSW, MSN intern. (Dkt. No. 32 at 7.)

20      In particular, Magistrate Judge Theiler noted that "[t]he ALJ fails to acknowledge the

21  treating status of these providers, not even referring to any of them by name," and also failed to

22  "explain which specific opinions are rejected." (<u>Id.</u> at 6-7.) Magistrate Judge Theiler's

23  observation that the ALJ did not name the providers whose opinions are summarily rejected does

24  not amount to her declaring a blanket rule that names and detailed discussions are required in

1   every ALJ decision rejecting medical opinion evidence. It merely illustrates her conclusion that

2   the ALJ did not provide sufficient explanation in this case.

3         A review of the record shows that the ALJ failed to provide legally sufficient reasons for

4   rejecting the claimant's evidence. An ALJ "may not reject 'significant probative evidence'

5   without explanation." Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting Vincent v.

6   Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984)). Here, the ALJ decision fails to address the

7   contrary medical opinions provided by Plaintiff's three doctors and two social workers. (AR at

8   11 - 17.) The ALJ's only discussion of these opinions occurs in one short paragraph on page 8,

9   and even then, the ALJ does not discuss the substance of the opinions, but merely contrasts them

10  with the opinions she chooses to credit. (AR at 8.) By failing to even name the rejected reports in

11  this case, the ALJ deprives the Court of the opportunity to intelligently review her decision.

12  Vincent, 739 F.2d at 1394.

13      II.    Treating Sources

14        The Commissioner's second objection, that Magistrate Judge Theiler errs by requiring the

15  ALJ to "acknowledge the treating status" of medical providers whose opinions are dismissed,

16  also does not accurately reflect the Report and Recommendation. (Dkt. No. 33 at 4.) The

17  Commissioner argues that Magistrate Judge Theiler's employed a blanket rule that "an ALJ

18  commits harmful legal error by not expressly stating that an opinion comes from a treating

19  source when the ALJ has provided a proper reason for rejection." (Id.) A review of the Report

20  and Recommendation shows that it employed no such rule.

21        Rather than requiring the ALJ to discuss the treating status of Plaintiff's providers,

22  Magistrate Judge Theiler simply noted the fact that the ALJ did not discuss the treating status of

23  Plaintiff's providers as evidence supporting her conclusion that the ALJ's findings were not

24  sufficient to permit courts to review the ALJ's decisions intelligently. (Dkt. No. 32 at 7, citing

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS- 4

1  Vincent, 739 F.2d at 1394.) Discussing the treating status of providers may not be crucial in all

2  cases, but it is crucial in this case. This is because Plaintiff's treating sources provided evidence

3  that contradicted the evidence of the providers that the ALJ credited. (Dkt. No. 32 at 5-6.)

4       The importance of Plaintiff's providers' opinions is established by the Social Security

5  regulations themselves. See 20 C.F.R. 404.1527(d)(2) ("Generally, we give more weight to

6  opinions from your treating sources, since these sources are likely to be the medical

7  professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)

8  and may bring a unique perspective to the medical evidence that cannot be obtained from the

9  objective medical findings alone . . . ."). Here, the fact that the ALJ did not mention the treating

10 status of Plaintiff's sources demonstrates the inadequacy of the record.

11      The Commissioner correctly notes that, at one point, Magistrate Judge Theiler

12 mischaracterizes two sources, Luci Carstens, Ph.D. and Robert Parker, Ph.D., as "treating

13 sources," when they are more accurately described as "examining sources." (Dkt. No. 33 at 4.)

14 However, this misstatement does not affect Magistrate Judge Theiler's conclusion that the ALJ

15 erred by not discussing the treating status of Plaintiff's providers. The Commissioner also argues

16 that Plaintiff's third treating physician, Dr. Horton, did not have a significant treating

17 relationship with Plaintiff when he gave his opinion, because he only treated Plaintiff for four

18 months and his opinion of functional limitations was written before he began treatment. (Dkt.

19 No. 33 at 4.) This argument fails for two reasons. First, although some documents in the record

20 from Dr. Horton discussing Plaintiff's functional limitations appear to be dated from before the

21 time he began treating her, others do not. (Cf. AR at 270-79; AR at 286-89.) Second, rather than

22 undermining Magistrate Judge Theiler's analysis, the fact that the ALJ at no point discussed

23

24

1    when Dr. Horton's status changed from that of an examining source to that of a treating source

2    supports Magistrate Judge Theiler's finding that the record is not sufficient in this case.

3    III.    Reasons for Dismissing Medical Opinion Evidence

4    The Commissioner's third objection is that Magistrate Judge Theiler erred in concluding

5    that "the ALJ dismissed the opinions of medical providers who have treated plaintiff for a

6    number of years with the unlikely conclusion that their evaluations were based 'solely on the

7    [plaintiff]'s subjective complaints.'" (Dkt. No. 33 at 5.) According to the Commissioner,

8    Magistrate Judge Theiler should have examined the record and seen that the ALJ's factual

9    findings were supported by substantial evidence in the administrative record. (Id.)

10   The Commissioner's statements mischaracterize the standard of review. While the ALJ's

11   conclusions must at all times be supported by substantial evidence, the ALJ must do more that

12   merely state his or her conclusions. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). "He

13   must set forth his own interpretations and explain why they, rather than the doctors', are correct."

14   Id. (citing Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). The Commissioner argues

15   that "[n]either Magistrate Judge Theiler nor Plaintiff have identified any objective findings that

16   support the severe degree of limitation assessed by [Plaintiff's providers]." (Dkt. No. 33 at 5.)

17   But it is the responsibility of the ALJ, not Plaintiff, to clearly explain how the evidence supports

18   his findings. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's one sentence

19   disposition of all Plaintiff's providers' opinions because they are "based solely on the claimant's

20   subjective complaints" is not a clear explanation.

21   IV.    Imposing Additional Requirements

22   The Commissioner's fourth objection is that Magistrate Judge Theiler wrongly imposed a

23   specific requirement that the ALJ expressly discuss the factors enumerated in 20 C.F.R. §

24   416.927 (e.g., length of treating relationship, specialization) before rejecting a medical provider's

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS- 6

1   opinion. (Dkt. No. 33 at 5-6.) Again, this objection mischaracterizes simple illustrative examples

2   as a blanket rule. As the Commissioner states, "an ALJ may properly reject the contradicted

3   opinion of a treating or examining physician by providing specific and legitimate reasons

4   supported by substantial evidence." (Id. at 5, citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th

5   Cir. 2005).) Rather than announcing a rule that an ALJ must always discuss the factors listed in

6   20 C.F.R. § 416.927, Magistrate Judge Theiler simply pointed out that such analysis here may

7   have helped the ALJ meet her task of "providing specific and legitimate reasons" to reject these

8   opinions. (Dkt. No. 32 at 7.)

9       The record shows that the ALJ did not provide specific and legitimate reasons for

10  rejecting the opinions of Plaintiff's providers. Bayliss, 427 F.3d 1211.  The ALJ's reasoning was

11  not specific because she offered only one general reason for rejecting all five medical opinions,

12  without any discussion of the merits of any of the opinions. (AR at 16.)  And the ALJ's

13  reasoning was not legitimate, because, without some further explanation, dismissing a medical

14  provider's opinion only because it is based on "the claimant's subjective complaints"

15  categorically disregards an extremely wide range of medical opinion evidence. (Id.)

16      V.    Credibility

17      The Commissioner also objects to Magistrate Judge Theiler's finding that, "because

18  credibility determinations are inescapably linked to conclusions regarding medical evidence," the

19  ALJ should re-evaluate Plaintiff's credibility. (Dkt. No. 32 at 8.) Specifically, the Commissioner

20  asks the Court to evaluate the ALJ's specific reasoning and affirm the credibility determination.

21  (Dkt. No. 33 at 6.)

22      The administrative record reveals that the ALJ's credibility determination is based on an

23  improper evaluation of the medical evidence. For example, the ALJ states that "[t]he claimant's

24  failure to follow through with treatment recommendations for her sleep apnea, despite her

1  complaints of its severity, detracts further from her credibility." (AR at 14.) The ALJ also states

2  that Plaintiff's vagueness regarding what makes her symptoms better or worse detracts from her

3  credibility. (AR at 15.) However, without demonstrating that the ALJ has considered the medical

4  evidence presented by Plaintiff's providers, these conclusions regarding Plaintiff's credibility are

5  not supported. Therefore, it would inappropriate to affirm the ALJ's credibility determination.

6                                          **Conclusion**

7          Because the ALJ's decision is not supported by substantial evidence, the Court ADOPTS

8  the Report and Recommendation, REVERSES the Commissioner's decision, and REMANDS

9  the matter for further proceedings. Further, the Court directs the ALJ to conduct a new credibility

10  determination, requires a new residual functional capacity analysis, and orders a new step five

11  assessment.

12         The clerk is ordered to provide copies of this order to all counsel.

13         Dated this 27th day of February, 2012.

14

15

16                                          _____
                                            Marsha J. Pechman
17                                          United States District Judge

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS- 8